## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

     **Plaintiff,**

**vs.**

**CARL L PARKER,**

     **Defendant.**               **No. 05-CR-30015-DRH-1**

<u>**MEMORANDUM and ORDER**</u>

**HERNDON, District Judge:**

Presently before the Court is (1) Carl Parker's motion for a reduction of his criminal sentence under Amendment 782 to the Sentencing Guidelines (Doc. 847) and (2) the Federal Public Defender's motion to withdraw as counsel (Doc. 878). For the reasons discussed below, the motion for reduction of sentence (doc. 847) is **DENIED** and the motion to withdraw as counsel (Doc. 878) is **GRANTED**.

Parker filed a *pro se* motion seeking assistance of counsel and a reduction in sentence under Amendment 782 to the Sentencing Guidelines. The Court appointed the Federal Public Defender for the Southern District of Illinois in accord with the Court's Administrative Order 137 to represent the defendant regarding this matter (Doc. 870).

On April 29, 2015, the Federal Public Defender filed a motion to withdraw as counsel (Doc. 878). The motion states counsel has determined Parker does not have a meritorious basis for obtaining relief under 18 U.S.C. § 3582(c) and the retroactive amendments to the drug quantity sentencing guidelines. Counsel states

that Parker is a "career offender," and is therefore not eligible for any sentence reduction. Parker was given an opportunity to respond but has not done so.

Section 3582(c)(2) of Title 18 allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If an amendment does not lower the defendant's applicable guideline range, the Court must deny a sentence reduction on the merits. *United States v. Taylor*, No. 13–2978, 2015 WL 554452, *5 (7th Cir. Feb. 11, 2015).

Defendant is *not* entitled to a reduction in his sentence because he cannot satisfy the first criterion of that statute; he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendment 782 did not lower the sentencing range established for a career offender.

Because Parker cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court **DENIES** Parker's *Pro Se* Motion (Doc. 847) and **GRANTS** counsel's Motion to Withdraw as Attorney (Doc. 878). **FURTHER**, the Court **ORDERS** that counsel G. Ethan Skaggs is **WITHDRAWN** from this matter. The Court **DIRECTS** the Clerk of Court to send a copy of this order to Parker.

**IT IS SO ORDERED.**

Signed this 18th day of June, 2015.

Digitally signed by David R. Herndon
Date: 2015.06.18 16:44:29 -05'00'

**United States District Court**